United States District Court
Southern District of Texas
**ENTERED**
August 04, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE RHO-CHEM CORPORATION, *et al.*, | § | |
| Debtors. | § | CIVIL ACTION NO. H-26-5528 |
| | § | BANKRUPTCY CASE NO. 03-37763 |
| K.P. PROPERTIES, INC., *et al.*, | § | ADVERSARY NO. 26-3021 |
| Appellants, | § | |
| v. | § | |
| RHO-CHEM LLC, | § | |
| Appellee. | § | |

**MEMORANDUM AND OPINION**

The appellants, K.P. Properties and La Brea R.E., Inc. (the "K.P. Parties"), have moved for leave to appeal the Bankruptcy Court's order denying their motion for abstention. (Docket Entry No. 2). They argue that the Bankruptcy Court's interlocutory order is appealable because it (1) involves a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. (*Id.* at 6). For the reasons explained below, the court denies the motion for leave to appeal and dismisses this appeal.

**I. Background**

The Bankruptcy Court's order succinctly recounts the history of this decades-old case. Briefly, in June 2003, Rho-Chem Corporation, Philip Services Corporation, and certain of their affiliates filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. (Bankr.

Docket Entry No. 21 at 1–2).[1] In December 2003, the Bankruptcy Court entered an order confirming the plan, which became effective on December 31, 2003. (*Id.* at 2). The confirmation order included a discharge under 11 U.S.C. § 1441 as well as an injunction. (*Id.*). In April 2005, the Bankruptcy Court entered a final decree closing several of the jointly administered cases, including Rho-Chem Corporation's case. (*Id.* at 3).

More than 20 years later, in January 2026, Rho-Chem LLC, the successor-in-interest to Rho-Chem Corporation, moved to reopen its Chapter 11 case. (*Id.*). The Bankruptcy Court reopened the case under an agreed order filed by Rho-Chem and the K.P. Parties. (*Id.*). Rho-Chem sought to reopen the case so it could file an adversary proceeding (the proceeding underlying this motion for leave to appeal) and seek a declaratory judgment that the K.P. Parties' ongoing state court litigation against it pursues claims that were discharged in its Chapter 11 proceedings. (*Id.* at 3–4). The state court litigation involves the K.P. Parties' claims that Rho-Chem and a state court codefendant polluted property that the K.P. Parties own in Inglewood, California. (*Id.* at 4). Those claims include alleged continuing torts under California law. (*Id.*). Under California's continuing tort law, "every continuation of the nuisance gives rise to a separate claim for damages caused by that nuisance." *Mangini v. Aerojet-Gen. Corp.*, 230 Cal. App. 3d 1125, 1143 (1991). The K.P. Parties argue that each day the contamination migrates onto their properties is a new and separately actionable wrong that gives rise to a right to payment that did not exist the day before. (Docket Entry No. 9 ¶ 9).

The K.P. Parties asked the Bankruptcy Court to abstain. (Bankr. Docket Entry No. 21 at 4). The Bankruptcy Court heard oral argument on the motion, (*id.* at 5), and denied it in a thoughtful written opinion. The Bankruptcy Court listed the 14 factors that courts often consider

[1] References to "Bankr. Docket Entry" are references to the docket in the adversary proceeding with the bankruptcy case number 26-03021.

when analyzing whether permissive abstention applies.[2] The Bankruptcy Court noted that the K.P. Parties had the burden to show that the court should abstain. (*Id.* at 6). In analyzing the second factor—the extent to which state law issues predominate over bankruptcy issues—the Bankruptcy Court noted that the Fifth Circuit's "pre-petition relationship test" would determine whether the tort claims asserted against the reorganized debtor were prepetition claims discharged by the debtor's bankruptcy proceedings. (*Id.* (citing *Lemelle v. Universal Mfg. Corp.*, 18 F.3d 1268, 1275 (5th Cir. 1994)). The Bankruptcy Court concluded that while the K.P. Parties' substantive claims arose under California law, the issue of whether those claims were discharged under the Bankruptcy Code was a federal bankruptcy law issue. (*Id.* at 10). The Bankruptcy Court then observed (with regard to the third factor, the difficult or unsettled nature of applicable law) that while the state-law continuing tort theory was "somewhat novel," the applicable bankruptcy law was neither difficult nor unsettled because the Fifth Circuit's "stance is clear" on how to determine when a "claim" is a "bankruptcy claim." (*Id.*).

The Bankruptcy Court concluded that while the abstention factors did not fit neatly into the "unique" circumstances of the case, those factors "weigh[ed] convincingly" against abstention. (*Id.* at 16). The Bankruptcy Court concluded that the K.P. Parties had failed to meet their burden of demonstrating that permissive abstention was warranted, and that Rho-Chem's adversary

[2] These factors include: (1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficult or unsettled nature of applicable law; (4) the presence of related proceedings commenced in state court or other non-bankruptcy proceeding; (5) the jurisdictional basis, if any, other than section 1334; (6) the degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. (Bankr. Docket Entry No. 21 at 5–6 (citing *In re Hou. Reg'l Sports Network, L.P.*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014)).

proceeding to determine and enforce its substantive rights under the Bankruptcy Code and the application of the confirmation order fell "squarely within the Court's post-confirmation jurisdiction." (*Id.* at 16–17). The Bankruptcy Court noted its "'virtually unflagging obligation'" to exercise its jurisdiction and concluded that it "w[ould] not abstain from determining the applicability and potentially enforcing the discharge injunction that arose from its own order." (*Id.* at 17 (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

The K.P. Parties now move for leave to appeal the Bankruptcy Court's order denying their motion to abstain, arguing that the relevant factors for an interlocutory appeal have been met. (Docket Entry No. 2). Rho-Chem opposes. (Docket Entry No. 3).

## II. Analysis

A federal district court has jurisdiction to hear appeals—and an aggrieved litigant may appeal as of right—from the "final judgments, orders, and decrees" of a bankruptcy court. 28 U.S.C. § 158(a)(1). Some non-final orders are appealable as of right under the collateral-order doctrine. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47 (1949). If neither route is viable, a district court may grant leave to file an interlocutory appeal from a Bankruptcy Court order. *In re Ichinose*, 946 F.2d 1169, 1176–77 (5th Cir. 1991). The K.P. Parties argue that this court should grant them leave to file their interlocutory appeal. (Docket Entry No. 2).

"Most district courts in this circuit have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from district court orders: (1) a controlling issue of law must be involved; (2) the question must be one where there is a substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Off. Comm. of Equity Sec. Holders v. Sorrento Therapeutics, Inc.*, Civ. Action No. H-24-00031, 2025 WL 933723, at *5 (S.D. Tex. Mar. 27, 2025) (citing *In re Ichinose*, 946 F.2d at 1177). "Many

district courts conclude that '[b]ecause interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored.'" *Id.* (quoting *Smith v. AET Inc., Ltd.*, No. CIV.A.C-07-123, 2007 WL 1644060, at *5 (S.D. Tex. June 4, 2007)). "Interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances." *In re Royce Homes LP*, 466 B.R. 81, 94 (S.D. Tex. 2012). "Furthermore, the decision whether to grant them is firmly within the district court's discretion." *In re Hallwood Energy, L.P.*, Civ. Action No. 3:12-CV-1902-G, 2013 WL 524418, at *2 (N.D. Tex. Feb. 11, 2013).

The K.P. Parties argue that the Bankruptcy Court's order rested on two legal premises that "present a controlling question of law over which there is a substantial ground for difference of opinion." (Docket Entry No. 2 ¶ 3). Those legal premises are "(1) that the question of whether the K.P. Parties hold discharged 'claims' 'only requires an analysis of federal law,' and (2) that the applicable law is neither difficult nor unsettled because 'the Fifth Circuit's stance is clear' with respect to the pre-petition relationship test for discharge of pre-petition claims." (*Id.* (quoting Bankr. Docket Entry No. 21 at 9–10)). The K.P. Parties argue that there is a "substantial difference of opinion" sufficient to justify an interlocutory appeal because: (1) the *Lemelle* case created a split between the Fifth Circuit and the Third Circuit as to how to determine when a tort becomes a bankruptcy "claim"; (2) whether the discharge reached their claims is not an exclusively federal question because of California's "continuing tort" theory; and (3) the Bankruptcy Court itself acknowledged the "somewhat novel" nature of the continuing tort theory present here. (*Id.* ¶¶ 18–20). Finally, the K.P. Parties argue that granting leave to appeal will materially advance the termination of the litigation by simplifying the proceedings and avoiding duplicative discovery. (*Id.* ¶¶ 21–22).

The court denies the motion for leave to appeal. Setting aside issues with the K.P. Parties' arguments as to the other elements for an interlocutory appeal, the record does not show a "substantial ground for difference of opinion." *See In re Royce Homes LP*, 466 B.R. at 94; *see also CERX Pharmacy Partners, LP v. Provider Meds LP*, No. 3:14-CV-1785-L, 2014 WL 6673465, at *2 (N.D. Tex. Nov. 25, 2014) ("Because the court determines that the second requirement for an interlocutory appeal has not been met, the court focuses on it.").

"A 'substantial ground for difference of opinion' may arise if 'a trial court rules in a manner which appears contrary to the rulings of all Courts of Appeals which have reached the issue, if the circuits are in dispute on the question and the Court of Appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *In re Genter*, No. 3:19-CV-01951-E, 2020 WL 3129637, at *2 (N.D. Tex. June 12, 2020) (quoting *CERX Pharmacy Partners,* 2014 WL 6673465, at *2–3)). "Substantial ground for difference of opinion 'must arise out of genuine doubt as to whether the Bankruptcy Court applied the correct legal standard.'" *Id.* (quoting *In re Hallwood Energy, L.P.*, 2013 WL 524418, at *3). "'[S]ome varying results in case law . . . is insufficient to suggest there is "substantial ground for difference of opinion" that would justify' interrupting the bankruptcy court's pretrial proceedings." *Id.* (second alteration in original) (quoting *In re Hallwood Energy, L.P.*, 2013 WL 524418, at *3).

In their motion for leave, the K.P. Parties offer three grounds for finding a "substantial difference of opinion" justifying an interlocutory appeal. As noted, their first argument is that the Bankruptcy Court's order "acknowledges a circuit split" on the issue of when a tort claim becomes a bankruptcy claim. (Docket Entry No. 2 ¶ 19). The Fifth Circuit applies a "prepetition relationship test," while the Third Circuit applies an "accrual test." *See Lemelle*, 18 F.3d at 1276–

77; *In re M. Frenville Co.*, 744 F.2d 332, 337 (3d Cir. 1984). "[T]o find a future claim to be a dischargeable prepetition bankruptcy claim under the prepetition-relationship test, two conditions must exist: (1) the future injury must be relatively certain to manifest itself at some point and be attributable to the debtor and (2) the debtor must be able to identify the claimant to whom it can give notice sufficient to satisfy due process that his or her bankruptcy claim might be discharged by a confirmation order." *In re Babcock & Wilcox Co.*, No. 00-10093, Adv. No. 21-1014, 2026 WL 1724858, at *22 (Bankr. E.D. La. June 13, 2006). Under the accrual test, "a 'claim' does not arise in bankruptcy until a cause of action has accrued under non-bankruptcy law." *Lemelle*, 18 F.3d at 1275 (citing *In re M. Frenville Co.*, 744 F.3d at 337)).

A circuit split is relevant to this factor, however, only if "the court of appeals of the circuit has not spoken on the point." *See, e.g.*, *Coates v. Brazoria County*, 919 F. Supp. 2d 863, 868 (S.D. Tex. 2013); *Fowler v. First Chem. Corp.*, No. 2:05CV16-KS-MTP, 2006 WL 2423043, at *3 ("Where a controlling court of appeals has decided an issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal."). The Fifth Circuit has ruled on the issue, and the Bankruptcy Court and this court are bound by that ruling. As the Bankruptcy Court recognized, the Fifth Circuit rule on how to analyze when a "claim" becomes a "bankruptcy claim," (Bankr. Docket Entry No. 17 at 10), is the prepetition relationship test. And although the K.P. Parties quote *Lemelle* for its line that the question of how broad the term "claim" is under the Code "as that term relates to unaccrued tort liability" is a "complex one," (Docket Entry No. 2 ¶ 18), the Fifth Circuit made that statement just before describing the various tests that courts have applied to the issue and formally adopting the prepetition relationship test. The fact that the issue is "complex" does not mean that the law applicable to deciding the issue is unsettled.

Second, the K.P. Parties argue that there is a "substantial difference of opinion" because the Bankruptcy Court was incorrect when it stated that whether the discharge reaches the K.P. Parties' claims is only a federal question. (Docket Entry No. 2 ¶ 19). As framed, however, that is simply an argument that the Bankruptcy Court erred. "The 'substantial ground for difference of opinion' requires a difference of opinion *between and among courts*, not the moving party and the court." *Nursery Decals & More, Inc. v. Tegrity Contractors, Inc.*, No. 4:25-CV-1219-SDJ, 2026 WL 981026, at *3 (E.D. Tex. Apr. 13, 2026); *see also In re Cent. La. Grain Co-op Inc.*, 489 B.R. 403, 412 (W.D. La. 2013) ("[A] substantial ground for difference of opinion does not exist 'because a party simply claims the bankruptcy court ruled incorrectly.'" (quoting *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 724 (N..D. Tex. 2006))); *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 814 (E.D. La. 2009) ("The phrasing of defendants' contentions suggests that they are alleging error, which, as noted, is not a proper ground for interlocutory appeal.").[3] The K.P. Parties' disagreement with the Bankruptcy Court's conclusion that the state-law issues did not predominate over bankruptcy issues because the prepetition relationship test is a federal standard does not justify an interlocutory appeal.

Finally, the K.P. Parties argue that the Bankruptcy Court's "own reasoning" confirms that the issue is ripe for an interlocutory appeal. (Docket Entry No. 2 ¶ 20). Their argument is that because the Bankruptcy Court noted that the continuing tort theory issue was somewhat novel, there is "indeed substantial ground for difference of opinion." (*Id.*). They press this argument more clearly in their reply brief, arguing that "[t]he unsettled issue is whether, and how, [the pre-

[3] Although some courts also find this factor is met when "the bankruptcy court's decision is contrary to well-established law," this standard is not met. *See In re Maxus Energy Corp.*, 611 B.R. 532, 540 (D. Del. 2019) (quoting *In re Marvel Entm't Grp., Inc.*, 209 B.R. 832, 837 (D. Del. 1997)).

petition relationship test] applies to a continuing tort" and that there is no controlling authority on this question. (Docket Entry No. 9 ¶ 12).

However, the K.P. Parties have not explained how this issue—even construing it as a purely legal issue rather than a fact-bound one—comes close to the "exceptional novelty and complexity" standard that courts have applied in finding a substantial difference of opinion sufficient for an interlocutory appeal. *See, e.g.*, *Enriquez v. Union Pac. R.R. Co.*, No. 5:03-CV-174 (DF), 2005 WL 8160850, at *2 (E.D. Tex. Apr. 2005) (quoting *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 494 F. Supp. 1190, 1244 (E.D. Pa. 1980)). "[S]imply because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is a substantial disagreement." *Ryan*, 444 F. Supp. 2d at 724. "In the end, 'substantial' means just that—significantly great." *Id.* (quoting MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 1174 (10th ed. 1998)); *see also Hurdsman v. Gleason*, 1:22-CV-254-RP, 2024 WL 499595, at *4 (W.D. Tex. Feb. 8, 2024) ("Just because the parties and the Court have been unable to find case law on the precise issue in this case 'does not mean there is such a substantial difference of opinion as will support an interlocutory appeal.'" (quoting *Texas v. Ysleta del Sur Pueblo*, 370 F. Supp. 3d 705, 710 (W.D. Tex. 2018))). Rather, the K.P. Parties assert that their question ("whether a test the Fifth Circuit adopted to time a single accrued claim reaches a category of successive claims that state law says did not exist until after the discharge") is "novel and difficult" without explaining how this question meets the high threshold required for an interlocutory appeal. (Docket Entry No. 9 ¶ 13).

At bottom, the K.P. Parties dispute the Bankruptcy Court's decision to exercise its discretion not to abstain from determining a question of federal bankruptcy law arising from its own order. The Bankruptcy Court did not find the decision not to abstain to be a particularly close

call. (Bankr. Docket Entry No. 21 at 20). District courts routinely decline to hear interlocutory appeals from discretionary decisions not to abstain. *See, e.g.*, *In re Cella III, LLC*, No. 19-14380-WBV-JVM, 2020 WL 210276, at *3 (E.D. La. Jan. 14, 2020); *Chambers v. First United Bank & Tr. Co*, No, 4:08-mc-007, 2008 WL 514264, at *2 (E.D. Tex. Dec. 5, 2008); *Southstar Capital Grp., I, LLC v. 1662 Multifamily LLC*, No. 6:18-cv-1453-Orl-40DCl, 2019 WL 3752892, at *4 (M.D. Fla. Aug. 8, 2019). Because the K.P. Parties have not met their burden of showing that an interlocutory appeal is warranted, the court declines to exercise its discretion to hear this appeal. *See In Re Red River Energy, Inc.*, 415 B.R. 280, 284, 286 (S.D. Tex. 2009). The Bankruptcy Court may proceed with "determining the applicability and potentially enforcing the discharge injunction that arose from its own order." (Docket Entry No. 21 at 17).

**III. Conclusion**

The court denies the motion for leave to appeal. This appeal is dismissed. The court will separately enter an order of dismissal.

SIGNED on August 4, 2026, at Houston, Texas.

Lee H. Rosenthal
Senior United States District Judge